IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAKEVION C. SHIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cv-432-WHA-JTA |
| | ) | |
| GREGORY DORRIETY, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff LaKevion C. Shider initiated this *pro se* 42 U.S.C. § 1983 action. (*See* Doc. No. 1.) Upon screening the Complaint, the Court issued an Order directing Plaintiff to file an amended complaint by January 19, 2023. (Doc. No. 4.) The Court specifically cautioned Plaintiff that his failure to file an amended complaint as directed would result in a Recommendation that this case be dismissed. (*Id.* at 4.) However, four weeks have passed since the January deadline, and Plaintiff has not filed an amended complaint as instructed.

Because Plaintiff has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply with the Court's Order despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, by March 3, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of February, 2023.

/s/ Jerusha T. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE